UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC. | : Case No. 06 CIV 0085 (LBS) : ECF Case |
| Plaintiffs, | : **Action No. 1** |
| -against- | : |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and COHOES FASHIONS, INC. | : |
| Defendants. | : |

---------------------------------------------------------------- x

| | |
|---|---|
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and COHOES FASHIONS, INC. | : |
| Defendants/Third Party Plaintiffs, | : |
| -against- | : |
| 546332 BC LTD., d/b/a/ COLTON INTERNATIONAL, SUMMIT RESOURCE IMPORTS LLC, EURO MODA, INC., MODA OGGI, INC., and ASHLEY REED TRADING, INC. | : |
| Third-Party Defendants. | : |

---------------------------------------------------------------- x

12/11/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC. | : Case No. 06 CIV 0243 (JES) ECF Case |
| Plaintiffs, | **Action No. 2** |
| -against- | : |
| ASHLEY REED TRADING, INC., SCOTT RESSLER and JAMES RESSLER. | : |
| Defendants. | : |

---------------------------------------------------------------- x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC.

Plaintiffs,

-against-

FILENE'S BASEMENT, INC., and RETAIL VENTURES, INC.

Defendants.

: Case No. 06 CIV 0244 (JES)
ECF Case

**Action No. 3**

---------------------------------------------------------------------- x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC.

Plaintiffs,

-against-

BIG M, INC., d/b/a ANNIE SEZ.

Defendants.

: Case No. 06 CIV 0245 (JES)
ECF Case

**Action No. 4**

---------------------------------------------------------------------- x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC.
Plaintiffs,

-against-

WAL-MART STORES, INC., a/k/a "SAM'S CLUB," a/k/a "WAL-MART".
Defendants.

: Case No. 06 CIV 4370 (JES)
ECF Case

**Action No. 5**

---------------------------------------------------------------------- x

WAL-MART STORES, INC.
Third Party Plaintiffs,

-against-

MAXINE LLC, CORPRATE IMAGE SOLUTIONS INC., and SHOWCASE COLLECTIONS, INC.

Third-Party Defendants.

---------------------------------------------------------------------- x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FENDI ADELE S.R.L., FENDI S.R.L. and FENDI NORTH AMERICA, INC.
Plaintiffs,

-against-

546332 BC LTD., d/b/a COLTON INTERNATIONAL, and HOWARD COLTON.
Defendants.

: Case No. 06 CIV 07084 (JGK)
ECF Case

**Action No. 6**

---------------------------------------------------------------------- x

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) [~~and with the consent of the parties~~], ORDERED:

1. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

2. **Stamped Confidential Document.** A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that entitled to protection.

3. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, employees of such attorneys to the extent reasonably necessary to render professional services in the litigation; to translators; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to the court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions,

and any special master appointed by the court). Subject to the provision of subparagraph (c), such documents may also be disclosed--

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to the parties and their managers and employees for the purpose of assisting counsel in the Litigation; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing--

(i) a recital that the signatory has read and understands this Order;

(ii) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

(c) Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such a disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and address of the persons(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and

stating the purposes of such disclosure. For purposes of this subparagraph, the term "competitor" does not comprise any parties to this action. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. This court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

4. **Attorneys Eyes Only.** Notwithstanding the above, one or more of the parties may designate especially sensitive Confidential Information as being produced for ATTORNEYS EYES ONLY. This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings or things is required under this paragraph, a legend bearing the words "ATTORNEYS EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL". Confidential Information which is designated ATTORNEYS EYES ONLY may not be disclosed to any of the individuals identified in paragraph 3 above except as follows:

(a) a Court of the United States, under seal;

(b) counsel of record advising Plaintiffs and Defendants herein (including support staff as reasonably necessary). ~~For Plaintiffs this is Pavia & Harcourt LLP, 600 Madison Ave., New York, NY 10022 and for Defendants this is Bainton McCarthy LLC, 26 Broadway, New York, New York 10004~~;

~~(c) in-house counsel employed by any of the parties to this action; and~~

(c) ~~(d)~~ independent experts and consultants retained in this action.

5. **For Co-Defendants, Attorneys Eyes Only**. Notwithstanding the above, one or more of the co-defendants may designate especially sensitive Confidential Information as being produced FOR CO-DEFENDANTS, ATTORNEYS EYES ONLY. This designation shall be

made as sparingly as possible as well. Where the marking or designation of documents, testimony, pleadings or things is required under this paragraph a legend bearing the words "FOR CO-DEFENDANTS, ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL". Confidential Information which is designated "FOR CO-DEFENDANTS, ATTORNEY EYES ONLY" must be treated by Plaintiffs as "CONFIDENTIAL" as set forth herein and treated by co-defendants as "CONFIDENTIAL-ATTORNEYS EYES ONLY" disclosures as set forth in Paragraph 4 herein.

6. **Declassification.** The parties agree to work together in good faith to resolve disputes over whether particular matters constitute confidential and/or attorney's eyes only information. Should the parties fail to agree, a party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential and/or confidential attorneys eyes only is not entitled to such status and protection. The party or other person that designated the document as confidential and/or confidential attorney's eyes only shall be given notice of the application and an opportunity to respond. To maintain confidential and/or confidential attorneys eyes only status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

7. **Confidential Information in Depositions.**

(a) A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 3(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent

unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished with a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portion of the pages that are confidential and marking such pages with the following legend: "Confidential--Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portion and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the cvidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

9. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has

obtained under the terms of this order, such party shall promptly notify the party or other person who designated the documents as confidential of the pendency of such subpoena or order.

**10. Filing.** Stamped confidential documents need not be filed with the Clerk except when required in connection with the motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

All information subject to confidential treatment in accordance with the terms of the Stipulation of Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible only confidential portions of filings with the Court shall be filed under seal. If a filing is made under seal, the filing party shall arrange to publicly file an appropriately redacted version. MD

~~**11. Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in court thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures of paragraph 3(b) and (c).~~ MD MD

**12. Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any purpose, including business, governmental, commercial, or administrative or judicial proceedings. For purposes of this paragraph, the term "this litigation" ~~includes other related litigation in which the producing person or company is a party.~~ refers to those actions consolidated by order of this court entered on November 6, 2006 and to any other actions that are consolidated therewith. MD

13. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

14. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting or seeking further limitations on discovery that it believes to be otherwise improper

15. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

**ACCEPTED AND AGREED:**

____________________________ ____________________

Anthony S. Cannatella, Esq.
Pavia & Harcourt LLP
Attorneys for Plaintiffs
600 Madison Avenue
New York, New York 10022
(212) 980-3500

Date

**SO ORDERED:**

MICHAEL H. DOLINGER
United States Magistrate Judge

12/5/06
Date