```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FENDI ADELE S.R.L.; FENDI
S.R.L. and FENDI NORTH AMERICA,     :    MEMORANDUM & ORDER

                                    :    06 Civ. 0085 (LBS)(MHD)
               Plaintiffs,
                                    :    and related cases
        -against-
                                    :    06 Civ. 0243 (JES)(MHD)
BURLINGTON COAT FACTORY WAREHOUSE        06 Civ. 0244 (JES)(MHD)
CORP. et al.                        :    06 Civ. 0245 (JES)(MHD)
                                         06 Civ. 4370 (JES)(MHD)
               Defendants.          :    06 Civ. 7084 (JGK)(MHD)
------------------------------------x
```

5/31/07

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

By letter to the court dated March 12, 2007, plaintiffs sought court enforcement of their document requests numbered 6-8. 10-12, and 14-17 as against all defendants in these consolidated actions except for Wal-Mart. (March 12, 2007 letter to the Court from Anthony S. Cannatella, Esq.). The requests sought a variety of detailed information about the defendants' pricing and sale volume of high fashion leather goods and accessories manufactured by TOD'S, Coach, Gucci, Burberry, Louis Vuitton and Prada, as well as corporate documents reflecting studies and assessments of market responses to pricing and other factors in the sale of Fendi and other high-end branded goods. In explanation for this request, plaintiffs' counsel asserted that this information was needed in order to study the price elasticity of Fendi goods for purposes of demonstrating lost sales and responding to possible arguments by

1

defendants as to gaps in Fendi's analysis. Specifically, counsel suggested the need to prepare for defendants' anticipated argument that Fendi had failed to consider whether, absent the alleged sale by them of counterfeit Fendi goods, the purchasers might have bought non-Fendi products rather than the genuine article from Fendi's own retailers.

By endorsed order dated March 21, 2007, we denied Fendi's request without prejudice. We specified, however, that Fendi might renew its application "upon a showing by a retained expert's affidavit explaining exactly what information is required and why." Our denial was premised on both the evident burdensomeness of the requests and their questionable relevance to the issues in these cases, as well as the obscurity of counsel's explanation of his client's need for this information.

By letter dated April 18, 2007, Fendi has renewed its request, proffering the declaration of an economist, Dr. Jeffery A. Stec. His brief discussion addresses only three of the requests, numbered 6-8, and hence we consider only those demands, which encompass weekly statistics reflecting unit sales for the non-Fendi high-end goods (#6), dollar sales (#7), and sales prices (#8).

Dr. Stec concedes that he does not need this information to

develop a case for damages (Declaration of Dr. Jeffrey Stec, executed April 17, 2007, at ¶ 5), and he does not appear to suggest that they are pertinent to the question of sales elasticity. Rather, he states that it would be helpful for him to have this data to respond to an argument by defendants that their customers, if denied their alleged access to low-price counterfeit Fendi branded goods, would have purchased "competing products of other brands in lieu of Fendi brand products." (Stec Decl. at ¶ 4). In substance, he is saying that to test defendants' purported hypothesis he would like to know what choices were open to their customers, including the availability of competing products, presumably at comparable prices. (Id. at ¶¶ 4-5).

This argument appears to rest on a straw man. Whether these defendants could have retained their customers if they had not allegedly sold counterfeit Fendi products is not in issue at this point. The justification originally advanced by Fendi's counsel for these discovery demands was that the data sought would make it possible to determine whether -- absent the alleged availability from defendants of counterfeit Fendi products -- the purchasers would have bought genuine Fendi products; if so, that would tend to demonstrate lost sales and lost profits by Fendi. That is certainly a relevant issue for purposes of relief.

3

Dr. Stec, however, does not offer that rationale, and instead seems to posit the desirability of obtaining data that might suggest whether the defendants could have garnered equivalent sales and earned equivalent profits if they had not infringed on the Fendi trademarks.[1] This may be an interesting area of research, but plaintiff entirely fails to demonstrate its relevance to this case, much less justify what appears to be an attempt to develop information possibly useful for the filing of other lawsuits on behalf of other clients.

## CONCLUSION

For the reasons noted, Fendi's application is denied.

Dated: New York, New York
       May 31, 2007

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Perhaps tellingly, in the reply of Fendi's counsel he does not rely on Dr. Stec's rationale and simply attempts, unconvincingly, to suggest that defendants have conceded the relevance of the data for reasons not at all clear on the record. (See May 9, 2007 letter to the Court from Victor Genecin, Esq.).

Copies of the foregoing Memorandum and Order have bene mailed today to:

Victor Genecin, Esq.
Pavia & Harcourt LLP
600 Madison Avenue
New York, New York 10022

Theodore R. Remaklus, Esq.
Wood, Herron & Evans L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917

John J. Lee, Esq.
Bainton McCarthy LLC
26 Broadway
Suite 2400
New York, New York 10004-1840

Gerard F. Dunne, Esq.
Law Offices of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, New York 10010

Bruce D. Katz, Esq.
Law Offices of Bruce D. Katz & Associates
The Transportation Building
225 Broadway
37th Floor
New York, New York 10007

Robert L. Raskopf, Esq.
Quinn Emanuel
51 Madison Avenue
22nd Floor
New York, New York 10010

Seth Natter, Esq.
Law Offices of Natter & Natter
501 Fifth Avenue
New York , New York 10017-7809

Kirk Gordon Downing, Esq.
Law Offices of Kirk G. Downing
9454 Wilshire Boulevard, Suite 600
Beverly Hills, CA 90212

John Smargiassi, Esq.
Joseph & Smargiassi, LLC
Two Rector Street, 21st Floor
New York, NY 10006

Lawrence Badash Fechner, Esq.
Jaffe, Ross & Light LLP
880 Third Avenue, 15th Floor
New York, NY 10022