UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FENDI ADELE S.R.L., FENDI S.R.L., and FENDI NORTH AMERICA, | |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** <br> No. 06 Civ. 85 (LBS) |
| BURLINGTON COAT FACTORY WAREHOUSE CORP. et al., | |
| Defendants. | |

SAND, J:

The instant dispute arises out of a consent injunction entered in 1987 ("1987 Injunction"), under which Defendants agreed not to purchase or sell any merchandise bearing the Fendi trademark unless they received written permission from Plaintiffs.  In the Court's October 2007 opinion, we granted partial summary judgment to Plaintiffs, finding Defendants in contempt of the 1987 Injunction for selling Fendi-branded merchandise.  *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, No. 06 Civ. 85, 2007 U.S. Dist. LEXIS 75812, at *3–*4, *13 (S.D.N.Y. Oct. 10, 2007).  In April 2009, Magistrate Judge Dolinger issued a Report and Recommendation ("R&R") addressing the extent of relief to be awarded to Plaintiffs in the wake of our finding of civil contempt against Defendants.  Plaintiffs and Defendants have both filed objections to the R&R.  This Order addresses the parties' objections, most of which concern whether Defendants may deduct from their gross profits a share of various indirect expenses, which would yield a lower net profit amount.

We adopt Judge Dolinger's recommendations with respect to denying a deduction for store expenses and permitting a deduction for shipping expenses. We also adopt the R&R's denial of Defendants' request to exclude from the contempt order its profits from October 2003 to January 2006, the time period when Plaintiffs contacted Defendants about removing Fendi items from Defendants' stores but before Plaintiffs invoked the 1987 Injunction. In accord with the R&R, we limit the award of attorneys' fees and costs to Plaintiffs to those expenses triggered by Plaintiffs' contempt claim and the summary judgment motion for a contempt citation. Thus, we award Plaintiffs a fees and costs award of $541,913.65. We also order a forward-looking sanction of a $1,000 fine for each future proven violation of the 1987 Injunction.

We remand to the Magistrate Judge one issue: whether pre-judgment interest should be calculated based on federal or state statutory benchmarks.

## I.       Background

In May 1987, Plaintiffs agreed to discontinue a lawsuit against Defendants for counterfeiting in exchange for Defendants' agreement not to purchase or sell any Fendi-branded merchandise unless they received permission in writing from Plaintiffs.[1] Plaintiffs have not provided such written permission to Defendants at any time since May 1987. Defendants did not deal in Fendi goods again until 2002, when they began purchasing and selling Fendi-branded merchandise once again. Defendants claim that in the intervening fifteen years, they had forgotten about the 1987 Injunction. Plaintiffs contacted Defendants in 2004 alleging that Defendants were selling counterfeit Fendi bags. The parties exchanged correspondence regarding the genuineness of the Fendi-branded merchandise, apparently both unaware of the 1987 Injunction. It was not until a

_____

[1] The Court's prior orders provide a full discussion of the background of this case.

December 2005 letter to Defendants that Plaintiffs made reference to the 1987 Injunction. Defendants did not take action in response to the letter until Plaintiffs filed a lawsuit in January 2006.  Shortly thereafter, Defendants instructed their stores to remove Fendi merchandise from its shelves.  In 2007, however, Defendants were still actively marketing a Fendi-branded perfume.  Accordingly, in our 2007 opinion we concluded that Defendants had been in violation of 1987 Injunction since 2002, which constituted negligence until 2006, and a willful violation thereafter.  2007 U.S. Dist. LEXIS 75812, at *13.

## II.    The Parties' Objections

The Court's 2007 opinion found that Defendants violated the 1987 Injunction when they started selling Fendi-branded merchandise again in 2002.  However, Plaintiffs contend and Defendants do not dispute that Burlington's records reflect that it had begun selling the items as early as 1993, and that Defendants' profits predating 2002 should also be subject to disgorgement.  (R&R at 6.)  Thus, for the transactions between 1993 and February 2008, Plaintiffs have stated that they will stipulate to a gross profits figure of $2,772,945.00.  (R&R at 7.)  The principal dispute is whether Defendants may deduct from its gross profits a share of various indirect expenses.

In assessing the parties' claims over the appropriateness of certain deductions, we note that Defendants must show a "sufficient nexus between each expense claimed and the sales of the unlawful goods" before it may deduct any indirect expenses from its profits. *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 8 (2d Cir. 1989).  Furthermore, "[w]hen infringement is found to be willful, the district court should give extra scrutiny to the categories of overhead expenses claimed by the infringer to

3

insure that each category is directly and validly connected to the sale and production of the infringing product." *Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 92, 107 (2d Cir. 1999) (citation omitted).  This enhanced scrutiny, however, only applies to a limited portion of revenues — that is, those revenues from sales post-dating 2005, which were made in willful violation of the 1987 Injunction.

Defendants have raised five objections:  first, that Defendants should be permitted to deduct store expenses; second, that Fendi perfume sales should not be disgorged; third, that Defendants should not be ordered to disgorge profits from the period of 1993 to December 2005 when Fendi "sat on its rights" to enforce the 1987 Injunction; fourth, that tax deductions should be increased in the event of the disallowance of store expenses; and fifth, that Defendants should be permitted to amend their answer to assert a statute of limitations defense.  Based on the analysis in Magistrate Judge Dolinger's carefully reasoned R&R, we find Defendants' objections to be without merit.

Plaintiffs, in turn, have raised four objections to the R&R.  Plaintiffs first argue that shipping expenses should not be deducted; second, that income taxes should not be deducted; third, that Defendants should pay pre-judgment interest at the New York State interest rate; and fourth, that final judgment on the contempt claim should be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  We now address these objections.

### a.  Shipping expenses

With respect to shipping expenses, we reject Plaintiffs' objections and find that the Magistrate Judge applied the correct legal standard to the evidence.  Defendants' calculations of shipping costs in fiscal years 2005, 2006, and 2007 "reflect conservative

assumptions" in applying a two percent figure to the sale of all Fendi-branded goods except for perfumes (under an arrangement with a third party, Burlington did not pay for the shipment of perfume to its stores).  (R&R at 29–30.)  Thus, we adopt the R&R with respect to allowing a deduction for shipping expenses.

### b.  Income tax deduction

Plaintiffs also contend that the amount Defendants should be required to disgorge should not be reduced by the income taxes paid on their profits.  District courts have permitted credit for income taxes paid, except where the infringement was willful.  *E.g. In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 566–67 (2d Cir. 1994) (citing *Sheldon v. Metro-Goldwyn Pictures Corp.*, 26 F. Supp. 134, 142 (S.D.N.Y. 1938)).  Thus, Defendants are not entitled to tax deductions for post-December 2005 sales, which were in willful violation of the 1987 Injunction.

Plaintiffs argue that none of the income taxes should be deducted.  In so arguing, Plaintiffs rely on section 37(g) of the Third Restatement on Unfair Competition and a 1980 opinion from this District, both of which state that income tax on profits should not be deducted from an award since the amount paid by contemnor can be recouped as a deductible business expense.  (Pl.'s Partial Objection at 8, citing Restatement 3d, Unfair Competition § 37(g); *Stuart v. Warner Bros. Records, Inc.*, 489 F. Supp. 827 (1980)).  These are not persuasive authorities however, given that the recent case law from the Second Circuit has upheld deductions for taxes in the trademark context and in contempt proceedings.  *See In Design*, 13 F.3d at 566–67; *Manhattan Indus. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 7 (2d Cir. 1989).  We thus find that income taxes are deductible and adopt the portion of the R&R addressing income tax deductions.

**c.   Payment of Pre-Judgment Interest at New York State Interest Rate**

The R&R suggests that Defendants pay interest at the rate established for non-payment of federal income taxes.  *See* 26 U.S.C. § 6621(a)(2).  Plaintiffs argue that the Court should apply a higher interest rate drawn from New York law, based on other cases in this District that apply the New York state rate to violations of the Lanham Act.  *See Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 Civ. 2983, 2007 U.S. Dist. LEXIS 13018, at *4 (S.D.N.Y. Feb. 23, 2007); *Gtfm, Inc. v. Solid Clothing*, No. 01 Civ. 2629, 2002 U.S. Dist. LEXIS 24710, at *9 (S.D.N.Y. Dec. 23, 2002).   Defendants do not respond to this objection.  We remand this question to the Magistrate Judge to evaluate whether federal or state law interest rate calculation is appropriate in this case.

**d.   Final Judgment Pursuant to Fed. R. Civ. P. 54(b)**

Plaintiffs also request that the Court certify this judgment on the contempt claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Rule 54(b) states as follows:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The R&R does not address this question, but Defendants contend that closely related factual and legal issues remain to be litigated in this case, rendering such certification inappropriate.  We find that certification of the judgment is appropriate.

The first element to Rule 54(b) certification is satisfied because Plaintiffs have asserted multiple claims for relief, one of which – Defendants' contempt of the 1987 Injunction – is at issue here.  The second element is also satisfied because our approval of the R&R with respect to the amount of sanctions and attorneys' fees and costs to be paid by Defendants is a final decision on Plaintiffs' claim for violation of the 1987 Injunction. As such, the order is final (after clarification from the Magistrate Judge with respect to interest rates and calculation of income tax deduction) because it "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment."  *Ginett v. Computer Task Group*, 962 F.2d 1085, 1092 (2d Cir. 1992).

Finally, the third element of Rule 54(b) certification is satisfied because there is no just reason for a delay.  Contrary to Defendants' assertion, the issues in the contempt proceeding are separable from the other pending claims.  The Court's 2007 opinion found Defendants in contempt because the purchase and sale of Fendi-branded items were not permitted under the 1987 Injunction, regardless of whether the products in question were genuine.  Thus, if Defendants were to appeal the judgment on the contempt claim, the appellate court would not need to reach the merits of the remaining claims, which concern the counterfeit nature of the goods.  Because the contempt judgment is separable, we find that the third element for Rule 54(b) certification is satisfied.  *Ginett*, 962 F.2d at 1096.

After the Magistrate Judge renders a recommendation on the question of interest rate, we will issue an order with respect to that final issue of the contempt order and certify this judgment pursuant to Rule 54(b).

## III.    Conclusion

Based on the foregoing, we find no merit to any of the parties' objections
with the exception of Defendants' claim that the R&R did not address the question of
whether the appropriate interest rate should be based on the federal statutory benchmark
for non-payment of federal taxes, 26 U.S.C. § 6621(a)(2), or for analogous causes of
action under state law.  Thus, we remand to the Magistrate Judge with respect to this
issue.

We adopt the remainder of the recommendations set forth in the R&R.


SO ORDERED.

Dated:  August 10, 2009
       New York, NY

_____
                     U.S.D.J.

8